52 F.3d 345
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Norman A. GERMINO, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 94-3366.
 United States Court of Appeals, Federal Circuit.
 April 5, 1995.
 
 Before RICH, NEWMAN, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Norman A. Germino petitions for review of the April 21, 1994 final decision of the Merit Systems Protection Board (Board) affirming his removal from the National Security Agency (agency). Germino v. Department of Defense, Docket No. DC0752920272-I-1. We affirm.
 
 DISCUSSION
 
 2
 This court must affirm the Board's decision unless it is found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 2) obtained without procedures required by law, rule or regulation having been followed, or 3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 Mr. Germino was removed from his position as a Language Analyst following an agency decision to revoke his security clearance, the retention of which was a mandatory condition of employment. The agency determined that Mr. Germino was ineligible for continued access to classified information because he had engaged in 1) the unauthorized removal and subsequent storage of classified information in unsecured spaces, 2) the disclosure of classified information to unauthorized persons, and 3) the disclosure, to unauthorized persons, of the identities of several intelligence officers in sensitive assignments. Mr. Germino has acknowledged committing each of these offenses.
 
 
 4
 On appeal, Mr. Germino contends that, in affirming his removal, the Board abused its discretion, made findings which were not in accordance with law, and denied him minimum due process under 5 U.S.C. Sec. 7513.
 
 
 5
 Under 5 U.S.C. Sec. 7513, an agency employee who is the subject of a removal action is entitled to 1) at least 30 days' advance written notice stating the specific reasons for the proposed removal, 2) a reasonable time to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer, 3) representation by an attorney or other representative, and 4) a written decision and the specific reasons therefor. 5 U.S.C. Sec. 7512 (1988 & Supp. II 1990); 5 U.S.C. Sec. 7513(b) (1988). However, Secs. 7512 and 7513 do not apply to, and the Board therefore lacks authority to review, an agency's denial of an employee's security clearance. Department of the Navy v. Egan, 484 U.S. 518, 530 (1988); Brockmann v. Department of the Air Force, 27 F.3d 544, 546 (Fed.Cir.1994) (citing Egan, 484 U.S. at 530); see 5 U.S.C. Secs. 7512, 7513(b). Nevertheless, "an employee who is removed for 'cause' under Sec. 7513, when his required clearance is denied, is entitled to the several procedural protections specified in that statute." In such cases, the Board may determine "whether such cause existed," and "whether in fact clearance was denied." Egan, 484 U.S. at 530.
 
 
 6
 In view of the evidence of record, we hold that the Board's decision was not arbitrary, capricious, an abuse of discretion, or obtained without procedures required by law. Neither the Board nor this court has authority to review the agency's denial of Mr. Germino's security clearance. With regard to Mr. Germino's removal, however, the Board and this court may determine whether the agency provided Mr. Germino with the procedural protections specified in Sec. 7513. Upon review of the record, we find that the agency provided Mr. Germino with advance written notice of 1) the proposed removal, 2) the fact that the removal action was the result of the agency's denial of his security clearance, and 3) the specific offenses which resulted in his clearance being denied. The agency also provided Mr. Germino with eight months to respond, an opportunity to be represented by an attorney or other representative, and a written decision enumerating the reasons for his removal. Accordingly, we find that the Board correctly determined that the agency provided Mr. Germino with all of the procedural protections to which he was entitled under Sec. 7513.
 
 
 7
 Mr. Germino's claim that the agency improperly deleted certain classified information from the documentation it provided to him, even if true, does not support his contention that the agency failed to provide him minimum due process under Sec. 7513. The agency is entitled to prevent classified information from entering the public domain. See National Security Agency Act of 1959, Pub.L. No. 86-36, Sec. 6, 73 Stat. 63 (codified as amended at 50 U.S.C. Sec. 402 note (1988)). Mr. Germino fails to cite any authority for the proposition that the agency was obliged to provide him with the classified information at issue. Additionally, Mr. Germino fails to show how the agency's deletion of this information resulted in harmful error. 5 U.S.C. Sec. 7701(c)(2)(A) (1988).
 
 
 8
 Mr. Germino's contention that the agency failed to observe its own personnel procedures in removing him is also without merit. Mr. Germino cites no authority in support of this argument and, additionally, fails to show how any such alleged failure by the agency resulted in harmful error. Id.; 5 C.F.R. Sec. 1201.56(b)(1) (1994).